J-A24025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LINDA ECKERT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNITRIN AUTO HOME INSURANCE | : | No. 1013 EDA 2019 |
| COMPANY | : | |

Appeal from the Order Entered March 13, 2019
In the Court of Common Pleas of Chester County Civil Division at No(s):
No. 18-03053-TT

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 22, 2020**

Appellant, Linda Eckert, appeals from the March 13, 2019 Order granting summary judgment in favor of Unitrin Auto Home Insurance Company ("Appellee") on its declaratory judgment claim.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  Appellant is a school bus driver.  On March 10, 2016, she was involved in a motor vehicle accident with an underinsured driver while in the scope of her employment.[1] Appellant filed a claim with Appellee, her personal automobile insurance

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant had been driving "a yellow school bus owned by Downingtown Area School District and/or George Krapf Jr. & Sons, Inc. and or Krapf Management Company, Inc." at the time of the accident.  **See** Complaint, 3/20/18, at ¶ 5.

carrier, seeking underinsured motorist ("UIM") coverage. Appellee rejected Appellant's claim based on the regular use exclusion provision ("Regular Use Exclusion") contained in her policy.[2]

On March 20, 2018, Appellant filed a breach of contract action against, *inter alia*, Appellee, because Appellee rejected Appellant's UIM claim.[3] On May 10, 2018, Appellee filed an Answer with New Matter and a Counterclaim for Declaratory Relief.

In its New Matter, Appellee asserted that Appellant's motor vehicle insurance policy's Regular Use Exclusion excluded UIM coverage for injuries she sustained while she occupied a motor vehicle that was available for her regular use. Accordingly, Appellee concluded that the Regular Use Exclusion precluded Appellant's recovery for UIM benefits arising from the instant accident. Appellee also sought a declaratory judgment in its favor.

Appellant filed her response to the New Matter and Counterclaim that same day. Appellant asserted primarily that the Regular Use Exclusion did

---

[2] The Regular Use Exclusion in Appellant's automobile insurance policy states, in relevant part, that Appellee "do[es] not provide [UIM c]overage for 'bodily injury' sustained . . . [b]y you while 'occupying' . . . any motor vehicle you 'own' or any motor vehicle which is furnished or available for your regular use. . . . " Unitrin UIM Coverage Exclusions, 6/18/15, at 2 § A.1.

[3] Appellant's Complaint also raised claims against Kemper Services Group and AIS Insurance Group. On July 6, 2018, the parties stipulated to dismiss Kemper Services Group from the action, and Appellant discontinued her claims against AIS Insurance Group.

not apply because she drove several busses from her employer's fleet, so the bus she was driving on the day of the accident was not for her "regular use."[4]

On December 3, 2018, Appellee filed a Motion for Summary Judgment. Appellant filed a response[5] on January 2, 2019. On March 13, 2019, the trial court entered summary judgment in favor of Appellee on the declaratory judgment claim, concluding that Regular Use Exclusion precluded Appellant's recovery of UIM benefits from Appellee.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

[] Did the trial court abuse its discretion and/or commit reversible error when it granted [Appellee's] Motion for Summary Judgment pursuant to the "Regular Use Exclusion" in [Appellant's] automobile policy with [Appellee]?

Appellant's Brief at 4.

Appellant challenges the trial court's decision to grant summary judgment in favor of Appellee. Accordingly, our standard of review is for an abuse of discretion or error of law, and our scope of review is plenary. ***Sokolsky v. Eidelman***, 93 A.3d 858, 861 (Pa. Super. 2014).

---

[4] Appellant had admitted in her deposition that she drove the instant bus "[p]robably 80 percent of the time." Deposition, 10/18/18, at 21.

[5] Appellant's pleading was entitled "Plaintiff's Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment." This Court's review of this pleading indicates, however, that Appellant did not assert any grounds for entry of judgment in its favor and that it was, simply a response to Appellee's Motion for Summary Judgment.

We review a grant of summary judgment under the following well-settled standards:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontraverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> On appeal from a grant of summary judgment, we must examine the record in a light most favorable to the nonmoving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

**Weible v. Allied Signal, Inc.**, 963 A.2d 521, 525 (Pa. Super 2008) (citation omitted).

The instant dispute involves the interpretation of the Regular Use Exclusion in Appellant's personal automobile insurance policy. Our standard of review regarding contract interpretation is well-settled. Because contract interpretation is a question of law, our standard of review is *de novo*, and the scope of review is plenary. **Ragnar Benson Inc. v. Hempfield Twp. Mun.**

- 4 -

***Auth.***, 916 A.2d 1183, 1188 (Pa. Super. 2007). In construing an insurance policy, Pennsylvania courts give an unambiguous contract provision its plain meaning, unless the provision violates a clearly expressed public policy. ***Burstein v. Prudential Property & Cas. Ins. Co.***, 809 A.2d 204, 206 (Pa. 2002).

The Pennsylvania Supreme Court has consistently held that an insured should not be permitted to demand coverage for a risk for which coverage was not elected or premiums paid. ***See, e.g.***, ***Eichelman v. Nationwide Ins. Co.***, 711 A.2d 1006 (Pa. 1998); ***Williams v. GEICO***, 32 A.3d 1195 (Pa. 2011). In other words, there must be a nexus between premiums paid by the insured and the coverage the claimant should reasonably expect to receive. ***Hall v. Amica Mut. Inc. Co.***, 648 A.2d 755, 761 (Pa. 1994) (citation omitted).

As noted above, the Regular Use Exclusion in Appellant's automobile insurance policy states, in relevant part, that Appellee "do[es] not provide [UIM c]overage for 'bodily injury' sustained . . . [b]y you while 'occupying' . . . any motor vehicle you 'own' or any motor vehicle which is furnished or available for your regular use. . . . " Unitrin UIM Coverage Exclusions, 6/18/15, at 2 § A.1.

Appellant claims that the trial court erred in granting Appellee's Motion for Summary Judgment pursuant to her automobile insurance policy's Regular Use Exclusion, arguing that there is a genuine issue of material fact as to whether her use of the school bus constituted "regular use." Appellant's Brief

at 17. In an effort to distinguish the instant case from the myriad cases upholding the applicability of regular use exclusions, Appellant emphasizes that her use was not "regular" because her employer precluded her personal use of the fleet vehicles and that she only drove the bus for five to 6 hours a day. Appellant's Brief at 14-16. Appellant's claim fails.

Numerous Pennsylvania courts, including the Pennslvania Supreme Court, have upheld "regular use" exclusions to preclude UIM coverage. *See*, *e.g.*, *Williams*, *supra* (holding that a police officer injured while in the scope of his employment was precluded from recovering underinsured motorist benefits under his personal auto policy based on the "regular use" exclusion); *Adamitis v. Erie Ins. Exch.*, 54 A.3d 371 (Pa. Super. 2012) (upholding the "regular use" exclusion against a bus driver who sought UIM benefits when he was injured during the course of his employment); *Brink v. Erie Ins. Grp.*, 940 A.2d 528 (Pa. Super. 2008).

This Court specifically held in *Brink*, that "an employee 'regularly uses' a fleet vehicle if he regularly or habitually has access to vehicles in that fleet[;] [r]egular use of any *particular* vehicle is not required." *Id.* at 535 (citation omitted) (emphasis in original). In light of this rule, this Court found Officer Brink's use was "regular" under the policy exclusion as he was given access by his police department to the fleet vehicles to perform his duties. This Court noted that "[t]he fact that Officer Brink did not always use the particular vehicle in which the accident occurred, or any other police vehicle on a daily basis, does not govern whether a vehicle was 'available' to him at his

employment." **Id.** Accordingly, this Court affirmed the lower court's decision to grant the insurer's Motion for Judgment on the Pleadings.

Appellant's efforts to distinguish her case from those cited above is unavailing. Just as in those cases, the Regular Use Exclusion here clearly excluded coverage. It is undisputed that Appellant was injured while driving a school bus, which she did not own. It is also undisputed that Appellant drove the particular bus in which she was injured about 80 percent of the time, and that she had regular access to all vehicles in the fleet. Last, it is undisputed that Appellant did not pay insurance premiums to Appellee to compensate Appellee for the risk that Appellant would sustain an injury driving a vehicle that she used regularly but that her personal automobile insurance policy did not cover.

Thus, just as the Pennsylvania courts rejected the efforts of the plaintiffs in **Williams**, **Adamitis**, and **Brink**, to recover UIM benefits from their private insurers whose issued policies included "regular use" exclusions, the instant trial court, finding the facts of those cases analogous and relying on their holdings, properly denied Appellant's claim. Appellant is, therefore, not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/20